596 So.2d 343 (1992)
John SMITH and Sally Smith, Plaintiffs-Appellants,
v.
FLOTATION SERVICES, INC., et al., Defendants-Appellees.
No. 90-1051.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1992.
*344 Weigand & Weigand, Joseph Weigand, Houma, for plaintiff/appellant.
Pitre, Yoes, Kay & Halley, Kathleen Kay, Henry Yoes, Lake Charles, for defendant/appelleeService Boat.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Gary P. Kraus, Lafayette, for defendant/appelleeFlotation.
Before GUIDRY, J., and CULPEPPER and MARCANTEL,[*] JJ. Pro Tem.
BERNARD N. MARCANTEL, Judge. Pro Tem.
The issues presented by this appeal are whether a juror should have been excused for cause, should prejudgment interest be awarded on loss of future wages, should damages awarded by the trial court be increased, and should the trial court have amended the judgment to include loss of past wages.
John Smith and Sally Smith (hereinafter plaintiffs) brought suit to recover damages for personal injuries sustained by John Smith on November 13, 1985, while being transported offshore by the M/V Jillian (hereinafter Jillian) when it collided with the M/V Baby Queen (hereinafter Baby Queen).
*345 Plaintiffs filed suit in the Thirty-Eighth Judicial District Court in and for Cameron Parish, Louisiana on April 28, 1988, against Flotation Services, Inc. (hereinafter Flotation), owner of the Baby Queen, and its insurers, Underwriters at Lloyds (hereinafter Underwriters) and Angelina Casualty Company (hereinafter Angelina), alleging negligence and unseaworthiness. Plaintiffs also named as defendants Service Boat Rentals, Inc. (hereinafter Service) and Gulf Crews & Company, Inc. (hereinafter Gulf Crews), owners of the Jillian, and their insurer, Highlands Insurance Company (hereinafter Highlands) alleging negligence and unseaworthiness.
Service, Gulf, and Highlands answered plaintiffs' complaint and denied their allegations. Service, Gulf, and Highlands also cross-claimed Flotation, Underwriters, and Angelina and claimed that the collision resulted from the unseaworthiness of the Baby Queen and was caused by those responsible for her operation, navigation, and maintenance. Flotation answered plaintiffs' complaint and also denied plaintiffs' allegations. Flotation claimed that the collision was the fault of Service and Gulf and the unseaworthiness of the Jillian.
Flotation answered the cross-claim filed against it and denied all allegations. Flotation also cross-claimed Service, Gulf, and Highlands. Service, Gulf, and Highlands answered the cross-claim and denied all allegations contained therein.
Underwriters and Angelina answered plaintiffs' complaint and denied plaintiffs' allegations.
Plaintiffs filed a First Supplemental and Amending Complaint claiming that plaintiff was a passenger on the Jillian and, therefore, this is not a seaman's complaint. A claim for damages was also added on behalf of plaintiff, Sally Smith, for loss of consortium, services and society. Flotation, Underwriters, and Angelina answered plaintiffs' supplemental complaint pleading prescription, peremption, and limitation of action since the original complaint was pled in terms of a seaman's complaint and denying the additional allegations.
This matter came to trial before a jury on October 23, 1989 through October 26, 1989. The jury returned a verdict finding that the Jillian was 35% negligent and that the Baby Queen was 65% negligent. The jury awarded plaintiff, John Smith, $30,000.00 for pain and suffering, $6,000.00 for medical expenses, and $25,500.00 for loss of future earning capacity. The jury awarded plaintiff, Sally Smith, $3,500.00 for loss of consortium. A formal written judgment was signed in accordance with the jury verdict on January 22, 1990. In the judgment, the trial judge divided the award for pain and suffering so that one-half of the award was allocated to past damages and one-half to future damages.
Service, Gulf, and Highlands filed a Motion for New Trial on January 30, 1990, asking that the judgment signed on January 22, 1990, be set aside and a new judgment be entered setting forth the rate of interest to be applied to those items for which prejudgment interest may be awarded, denying plaintiffs an award for prejudgment interest on future losses, and modifying the loss of consortium award from $63,500.00 to $3,500.00.
Plaintiffs filed a Motion for Additur and, Alternatively, for New Trial as to Quantum on January 31, 1990 on the grounds that the verdict was contrary to the law and the evidence.
Flotation, Underwriters, and Angelina filed a Motion for New Trial and/or to Amend Judgment on February 1,1990, asking for the same relief as the motion filed by defendants on January 30, 1990, and additionally asking that the award of prejudgment interest on medical expenses paid by plaintiffs seven and ten days before trial be set aside.
A hearing on all three motions was held on February 22, 1990. A judgment modifying the original judgment was signed on May 7, 1990. The original judgment was modified providing the rate of interest to be used on that portion of the jury award which was subject to prejudgment interest, providing that there would be no prejudgment interest on the future wage loss award, and to show the loss of consortium *346 award given by the jury to be $3,500.00 rather than $63,500.00.
On May 29, 1990, plaintiffs filed a Motion for Rehearing of Alternative Motions for Additur and for New Trial claiming that the verdict was contrary to the law and evidence. A hearing on the motion was held on July 2, 1990, and was denied on the same day.
Plaintiffs timely appeal, alleging four assignments of error:
(1) The trial court abused its discretion in not excusing Carroll Trahan as a juror because of the relationship between this juror and a party, Service and/or Gulf and in refusing to grant a new trial after the verdict proved this juror's bias;
(2) The trial court erred in not allowing prejudgment interest on loss of future wages;
(3) The trial court erred in not increasing the quantum of the judgment or granting a new trial; and
(4) The trial court erred in not amending the judgment to award $15,000.00 as lost past wages and/or granting a new trial.

FACTS
On November 13, 1985, plaintiff, a welder employed by Pool Company and a passenger aboard the Jillian, was being transported offshore out of Cameron.
Meanwhile, at approximately 6:00 P.M., the Baby Queen was sent to meet some jug boats with survey crews at the east jetties in the Calcasieu Pass. The Baby Queen was to escort the jug boats in because it was too foggy for them to come in on their own. Visibility was about a quarter of a mile.
After the Baby Queen met the jug boats, it began heading back up the channel on the east side. As the Baby Queen was heading back, it collided with the Jillian which was headed out. The port bow of the Baby Queen was struck and the bow of the Jillian was struck. Plaintiff testified that he was lying on some benches on the front of the Jillian. The collision caused plaintiff to be thrown from his chair and he landed underneath another chair.
Plaintiff was treated at the hospital in Cameron that night for a stiff neck, a knot on his head, and a sore back. Plaintiff testified that the knot on his head went away and his neck improved, but that his back has continued to hurt him.

CHALLENGE FOR CAUSE
Plaintiffs first claim that one of the jurors should have been excused for cause because, on voir dire, the juror stated that he knew the owner of Service and Gulf. Plaintiffs argue that the trial judge should have granted a new trial because this juror was foreman and the verdict proved his bias.
La.C.C.P. art. 1765 sets forth when a juror may be challenged for cause as follows:
"A juror may be challenged for cause based upon any of the following:
(1) When the juror lacks a qualification required by law;
(2) When the juror has formed an opinion in the case or is not otherwise impartial, the cause of his bias being immaterial;
(3) When the relations whether by blood, marriage, employment, friendship, or enmity between the juror and any party or his attorney are such that it must be reasonably believed that they would influence the juror in coming to a verdict;

* * * * * *
Criminal jurisprudence on challenges for cause of a prospective juror may be considered in civil cases. A trial court is vested with broad discretion in ruling on a challenge for cause of a prospective juror, and that ruling will not be disturbed on appeal absent a showing of abuse of discretion. Andrews v. Mosley Well Service, 514 So.2d 491 (La.App. 3 Cir.1987), writ. den., 515 So.2d 807 (La.1987).
A review of the entire voir dire is essential to determine whether the trial court's exercise of discretion in ruling on a challenge for cause was arbitrary or unreasonable. *347 State v. Gintz, 438 So.2d 1230 (La. App. 3 Cir.1983).
A review of the record reveals no transcript of plaintiffs' challenge for cause. There is not even a recordation of the voir dire proceedings. Since there is no evidence for this court to review, we cannot say that the trial court abused its discretion in not excusing the juror for cause or in refusing to grant a new trial.

PREJUDGMENT INTEREST
Plaintiffs next argue that the trial court erred in not allowing prejudgment interest on the loss of future wages.
The court in Verdin v. C & B Boat Co., Inc., 860 F.2d 150 (5th Cir.1988), held specifically that prejudgment interest was allowable only on those measures of damages which are for past harms. These are the following: past loss of support, pain and suffering of the decedent, and medical and funeral expenses.
This court has held in Savoie v. McCall's Boat Rentals, Inc., 491 So.2d 94 (La.App. 3 Cir.1986), writ den., 494 So.2d 334, 542 (La. 1986), that prejudgment interest is not allowed on awards under general maritime law for loss of future earnings and future pain and suffering.
We agree with the above courts for the above reasons and find that this assignment of error lacks merit and the trial judge was correct in not allowing prejudgment interest on the damages for the loss of future wages.
After a review of the judgment, we also find that the trial judge did err in the trimming of the award of interest on future damages. Therefore, under the authority of La.C.C.P. art. 2164, which permits the reviewing appellate court to render a judgment which is just, legal and proper on appeal, the judgment of January 22, 1990 is amended to provide that legal interest on damages awarded for future pain and suffering and future wages are to run from January 22, 1990 as date of judgment rather than the date of the jury verdict on October 29, 1989. The judgment of May 7, 1990 is also amended to provide that the prejudgment interest on past damage awards will be the rate of interest as set forth by law until paid.

DAMAGES
Plaintiffs next claim that the amount of damages awarded for pain and suffering and loss of wages was inadequate. The jury awarded $30,000.00 for pain and suffering and $25,500.00 for wages loss.
An appellate court's standard of review in a maritime case is governed by federal law and jurisprudence. The jury's findings of fact cannot be disturbed on appeal unless there is no reasonable evidentiary basis for the jury's conclusion. Savoie, supra.
After a review of the record, this court finds that there was a reasonable evidentiary basis for the jury's conclusion in making the award in the present case. The record reveals that the first doctor that plaintiff was sent to after he had complaints with his back was Dr. L. Thomas Cashio, an orthopedic surgeon. Dr. Cashio diagnosed plaintiff with lumbar strain. Dr. Amilcar Correa, a neurological surgeon, testified that plaintiff had bulging of the disk but that there was no impingement on the nerves or spine.
Additionally, plaintiff's testimony shows that his income has increased since the accident. Also, in a deposition given in 1989, plaintiff had stated he had not missed any time off from work in 1987 and 1988. For these reasons, we find that this assignment of error has no merit.

THE VERDICT FORM
Plaintiffs claim that the trial court erred in not amending the judgment to award $15,000.00 as lost past wages and/or granting a new trial because loss of past wages was omitted from the verdict form.
The section of the verdict form of which plaintiffs complain read "Wage Loss (future earning or earning capacity)." The jury awarded $25,500.00 as the amount of wage loss in this section. At the close of the evidence the parties reviewed the verdict *348 form and plaintiffs had no objections to the "wage loss" section.
La.C.C.P. art. 1812 states in pertinent part:
"A. The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event, the court may submit to the jury written questions susceptible of categorical or other brief answer, or may submit written forms of the several special findings which might properly be made under the pleadings and evidence, or may use any other appropriate method of submitting the issues and requiring the written findings thereon. The court shall give to the jury such explanation and instruction concerning the matter submitted as may be necessary to enable the jury to make its findings upon each issue. If the court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by jury of the issue omitted unless, before the jury retires, he demands its submission to the jury. As to the issue omitted without such demand the court may make a finding, or if it fails to do so, it shall be presumed to have made a finding in accord with the judgment on the special verdict.
B. The court shall inform the parties within a reasonable time prior to their argument to the jury of the special verdict form and instructions it intends to submit to the jury and the parties shall be given a reasonable opportunity to make objections."
If an issue of fact raised by the pleadings or by the evidence is omitted, the parties waive their objection, unless the issue is raised before the jury retires. Streeter v. Sears, Roebuck and Co., Inc., 533 So.2d 54 (La.App. 3 Cir.1988), writ den., 536 So.2d 1255 (La.1989).
Since counsel for plaintiffs did not make an objection to the wage loss section of the trial court's proposed verdict form until the filing of this appeal, plaintiffs have waived their right to raise this issue on appeal.
For the foregoing reasons, the judgment of the trial court is amended to provide that the interest rate to be applied to that portion of the jury award which is subject to prejudgment interest will be the rate of interest as set forth by law, i.e., 12% interest until December 31, 1987; 9.75% interest from January 1, 1988 through December 31, 1988; and, 11.5% interest from January 1, 1989 with legal interest thereon, until paid, and to provide that the legal interest on the award for future wage loss and future pain and suffering will run from January 22, 1990 as date of judgment rather than the date of the jury verdict on October 29, 1989. In all other respects, the judgment is affirmed. All costs of this appeal are to be paid by the plaintiffs-appellants, John Smith and Sally Smith.
AMENDED AND AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, and Judge Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judges Pro Tempore.